IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02487-REB-BNB

LAUTH MANAGEMENT, LLC, an Indiana company

Plaintiff,

v.

PREMIER SPECALITY CONTRACTORS, INC., a Colorado Corporation

Defendant.
_____

**ORDER**
_____

This matter arises on **Lauth Management, LLC's Motion to Extend Scheduling Deadlines** [Doc. # 24, filed 4/1/2010] (the "Motion for Extension"), which is DENIED.

The plaintiff seeks to extend by 60 days all of the pretrial deadlines. As grounds, one of the plaintiff's lawyers argues that an arbitration, previously scheduled to begin on March 8, 2010, has been bifurcated and rescheduled for April 19, 2010 (five days on liability), and May 19, 2010 (three days on damages). In addition:

> Between now and at least May 21st (the expected last day of the arbitration), counsel for Plaintiff will be engaged almost exclusively in preparing for and attending the arbitration.
>
> Given these commitments, it will be extremely difficult, if not impossible, for Plaintiff's counsel to complete the necessary discovery in this case prior to the current discovery cut-off of May 14, 2010.

Motion for Extension [Doc. # 24] at ¶¶6-7. I note, however, that three attorneys from two different law firms have entered appearances as counsel for the plaintiff. The Motion for Extension addresses only the availability of Mr. Cento of the Riley Bennett & Egloff firm, but is

silent as to the availability of Mr. Sandberg and Ms. Yates of Snell & Wilmer.

A scheduling order may be amended only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). In this regard:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000)(internal quotation and citation omitted). In addition, the district judge to whom this case is assigned for trial has stated in his practice standards:

> Motions for extension of time are strongly discouraged because of the adverse effects they have on case management. Thus, motions for extension of time will be granted only in rare and exceptional circumstances. Motions for extension of time require a showing of good cause, which must be established with particularity. The following **do not constitute good cause**: agreement of counsel, inconvenience to counsel or the parties; **press of business; conflicts in scheduling (*a fortiorari*, when more than one attorney has entered an appearance for a party)**; or practice as a sole practitioner.

REB Civ. Practice Standard II.G.1 (emphasis added).

The plaintiff has failed to establish good cause justifying the requested extension.

IT IS ORDERED that the Motion for Extension is DENIED.

2

Dated April 12, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge